**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MELODY A. WALLACE,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
DA-0752-19-0538-I-1

DATE: July 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steve Newman</u>, Esquire, New York, New York, for the appellant.

<u>Nadalynn Hamilton</u>, Esquire, Plano, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal for misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was an EAS-17 Supervisor of Customer Services for the agency's Trinity River Station in Fort Worth, Texas. Initial Appeal File (IAF), Tab 5 at 88. On November 27, 2018, the appellant's supervisor reported some missing stamp stock to the agency's Inspector General, and the ensuing investigation uncovered several irregularities with the most recent stamp and cash count that the appellant conducted on October 31, 2018. *Id*. at 77-78. After further investigation, the agency proposed the appellant's removal based on one charge of unacceptable conduct with four specifications, and one charge of unacceptable performance with two specifications. *Id*. at 77-81. One specification of unacceptable performance pertained to the appellant's failure to use the proper form when she last changed the Trinity River Station safe combination. All other specifications pertained to the appellant's use of a subordinate's computer credentials to conduct the stamp and cash count, and her untruthful indication that this same subordinate had witnessed the count.[2] The

---

[2] The agency did not allege that the appellant stole any of the stamp stock or that she was otherwise directly responsible for its disappearance.

deciding official sustained both charges and all specifications, removing the appellant effective September 14, 2019. *Id*. at 82.

The appellant filed a Board appeal, contesting the merits of the agency's action and raising an affirmative defense of violation of due process or harmful procedural error. IAF, Tab 1, Tab 16, Initial Decision (ID) at 11-14. After a hearing, the administrative judge issued an initial decision sustaining the appellant's removal. ID. She sustained both charges and all the underlying specifications. ID at 3-11. She further found that the appellant failed to prove her affirmative defense and that the removal penalty was reasonable. ID at 11-17.

The appellant has filed a petition for review, arguing that the attorney who represented her below was ineffective. She also disputes the administrative judge's findings on two specifications.[3] Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

In an appeal of a removal under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service. *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); 5 U.S.C. § 1201.56(a)(1)(ii). To meet this burden, the agency must prove its charge, establish a nexus between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997). However, even if the agency carries this burden, the removal may not be sustained if the appellant shows that it was the product of harmful procedural error or was taken without due process. 5 U.S.C. § 7701(c)(2)(A); *Stephen v.*

_____

[3] It appeared that the appellant's petition for review might have been missing some pages. The Office of the Clerk of the Board issued an order notifying the appellant of the issue and giving her an opportunity to supplement her petition with any pages that might be missing from the record. Petition for Review File, Tab 6. The appellant did not respond to the order.

*Department of the Air Force*, 47 M.S.P.R. 672, 681, 680-81 (1991); 5 C.F.R. § 1201.56(b)(2)(i)(C).

As explained above, the administrative judge sustained both charges and all six supporting specifications underlying the appellant's removal. ID at 5-11. On petition for review, the appellant challenges only charge 1, specifications 1 and 2. Because the appellant has not provided a basis to disturb the remaining specifications, we affirm the initial decision with respect to charge 2 and charge 1, specifications 3 and 4. *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review."). Accordingly, both charges are sustained. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (finding that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge). Nor does the appellant challenge the administrative judge's findings on her affirmative defense, and we see no basis to disturb those findings on review. ID at 11-14.

> Under, charge 1, specifications 1 and 2, the agency alleged as follows:
>
> Specification #1: You failed to comply with postal policy regarding information security when you obtained the computer access credentials of another postal employee.
>
> Specification #2: You misused the computer access of another postal employee to conduct the Stamp/Cash count for Trinity River Station on or about October 31, 2018.

IAF, Tab 5 at 77. In sustaining these specifications, the administrative judge considered the testimony of the appellant's supervisor, who stated that agency policy prohibits employees from giving their login and password to anyone for any reason, and that an employee should not use another employee's credentials to justify a stamp and cash count if that employee is not present. ID at 5. She found the appellant's supervisor to be a credible witness and his testimony consistent with the written training materials that the agency submitted for the

record.  *Id.*; IAF, Tab 5 at 69.  The administrative judge further found that the appellant admitted that she used her subordinate's computer credentials to access her subordinate's drawer and to conduct the stamp and cash count.  ID at 5.

On review, the appellant argues that her attorney representative showed "little or no interest" in mounting a defense in the case, pressuring her to accept a settlement instead, and submitting no evidence whatsoever for the record.  PFR File, Tab 1 at 2.  However, even if the appellant was inadequately represented, the presence of inadequate counsel is not a basis to reverse an initial decision because an appellant is responsible for the action or inaction of her chosen representative.  *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 7 (2010), *overruled on other grounds by Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 17 n.6.  In any event, the appellant has not identified any additional evidence that her attorney should have, but failed to, submit.

The appellant also argues that her supervisor was not "an impartial witness to events" as the administrative judge found.  PFR File, Tab 1 at 2; ID at 5.  Her supervisor was not there for the stamp and cash count, and in fact did not even begin working at Trinity Station until November 10, 2018, after the stamp and cash count had already occurred.  PFR File, Tab 1 at 2.  However, the initial decision reflects that the administrative judge did not rely on the supervisor's testimony to determine what transpired during the stamp and cash count but only to determine what the agency's policies and procedures require.  ID at 5-7, 10.

Regarding specification 1 in particular, the appellant argues that, although it is prohibited for an employee to give her login information to others and for supervisors to request login information from their subordinates, she did neither of these things.  Rather, the appellant's subordinate volunteered her login information to the appellant.  PFR File, Tab 1 at 2; IAF, Tab 5 at 69.  We are not persuaded by this argument.  The training document that the agency submitted is written from the perspective of the employee whose login information is at stake, but it takes two people to violate this policy—one to give the login information

and one to receive it. By accepting and using the login credentials of another employee, the appellant also violated the policy. We cannot accept the appellant's rigid interpretation of the agency's policy, which is obviously intended to prevent the sharing of passwords and forestall exactly the sort of problems and issues of accountability that occurred in the Trinity River Station in October and November 2018.

Regarding specification 2, the appellant admits that she used her subordinate's credentials to conduct the stamp and cash count but argues that she did so accidentally because she merely forgot to log her subordinate out of the system before she conducted the count. PFR File, Tab 1 at 2. However, we agree with the administrative judge that there was no element of intent for this specification. ID at 3, 5. Therefore, even if the appellant's use of her subordinate's credentials to conduct the stamp and cash count was merely negligent, the administrative judge properly sustained this specification of unacceptable conduct. *See Fernandez v. Department of Agriculture*, 95 M.S.P.R. 63, ¶¶ 2, 7, 10 (2003) (sustaining a charge of "improper conduct" based on negligence). The issue of intent is, however, relevant to the issue of penalty. *Fernandez*, 95 M.S.P.R. 63, ¶¶ 8, 14; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981); *see also Russo v. U.S. Postal Service*, 284 F.3d 1304, 1309-10 & n.2 (Fed. Cir. 2002) (finding that, when an agency proves a general charge such as conduct unbecoming, the penalty should reflect only the proven level of impropriety). Nevertheless, even if the appellant was merely negligent in failing to log out of her subordinate's credentials when conducting the stamp and cash count, the fact remains that this negligence was occasioned by the appellant's improper action of logging in with her subordinate's credentials in the first place. For the reasons explained in the initial decision, we agree with the administrative judge that the penalty of removal was within the tolerable limits of reasonableness. ID at 16-17; *see generally Cantu v. Department of the Treasury*,

88 M.S.P.R. 253, ¶ 4 (2001) (finding that, in cases where all the agency's charges are sustained, the Board's authority to review the penalty is limited).

Accordingly, we affirm the initial decision that upheld the appellant's removal.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.